# IN THE COURT OF APPEALS OF IOWA

No. 14-0394
Filed February 11, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOHN LEE HARRIS III,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Douglas F. Staskal, Judge.

        John Lee Harris III appeals the sentence imposed upon resentencing following his conviction for first-degree murder.  **AFFIRMED.**

        William Bushell of Bushell Law Firm, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, John P. Sarcone, County Attorney, and Jeffrey Noble, Assistant County Attorney, for appellee.

        Considered by Vaitheswaran, P.J., Tabor, J., and Scott, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**SCOTT, S.J.**

John Lee Harris III appeals the sentence imposed upon resentencing following his conviction for first-degree murder. Harris was a juvenile at the time of the offense and was originally sentenced to life in prison without parole. Following the Supreme Court's pronouncement in *Miller v. Alabama*, 132 S. Ct. 2455, 2463 (2012) (holding mandatory life-without-parole sentences for juveniles violate the Eighth Amendment of the United States Constitution), Harris moved to correct his illegal sentence.

The resentencing hearing was held on February 24, 2014. The State sought a sentence of life in prison with the possibility of parole. Through his attorney, Harris asked that he be sentenced to life in prison with the immediate possibility of parole. Harris was then given the opportunity to personally address the court but declined. The district court resentenced Harris to life in prison with immediate parole eligibility, and a written order memorializing the sentence was entered the same day. Harris filed his notice of appeal on March 14, 2014.

While this appeal was pending, our supreme court entered its ruling in *State v. Lyle*, 854 N.W.2d 378 (Iowa 2014). The *Lyle* court held that a mandatory minimum sentencing schema violates article I, section 17 of the Iowa Constitution when applied in cases involving juveniles. 854 N.W.2d at 402. While the court is not prohibited from imposing a minimum sentence, it must use its discretion to consider youth and its attendant circumstances as a mitigating factor. *Id.* at 404. Before imposing a minimum sentence, the court must first determine that the following factors warrant a minimum period of incarceration without parole:

(1) the age of the offender and the features of youthful behavior, such as "immaturity, impetuosity, and failure to appreciate risks and consequences"; (2) the particular "family and home environment" that surround the youth; (3) the circumstances of the particular crime and all circumstances relating to youth that may have played a role in the commission of the crime; (4) the challenges for youthful offenders in navigating through the criminal process; and (5) the possibility of rehabilitation and the capacity for change.

*Id.* at 404 n.10. Harris asks us to vacate the resentencing order because the district court failed to conduct this analysis.

In resentencing Harris, and at the request of both Harris and the State, the district court did not impose a minimum sentence. Accordingly, the court was not required to perform a *Lyle* analysis to determine the necessity of a minimum sentence and failure to do so is not a basis for vacating the resentencing order. We affirm the order sentencing Harris to life in prison with immediate parole eligibility. [1]

**AFFIRMED.**

---

[1] On February 4, 2015, after this appeal was submitted and transferred to this court pursuant to Iowa Rule of Appellate Procedure 6.1101(1), Harris filed a pro se pleading expanding on the arguments presented by his counsel on appeal. Because the time for filing a pro se brief had passed, *see* Iowa R. App. P. 6.901(2), we will not consider it with this appeal.